# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**Case Number:** 2:22-cv-1218 RJC

**Case Name:** In re: U Lock Inc.

### INFORMAL BRIEF

**DIRECTIONS:** *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. The total number of pages cannot exceed 30. Parties are encouraged to use one side of the paper for ease of reading. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

**1. Jurisdiction:** What order(s) of the bankruptcy court are you appealing?

Verbal Order on August 9, 2022, prohibiting creditor Shanni Snyder from making argument on U Lock Motion to Convert and Order of August 10, 2022 (Entry 110) Denying U Lock motion to convert case from Chapter 7 to Chapter 11.

What is the date of the order(s)?

Oral Order August 9, 2022   Written Order Entry 110 August 10 2022

When did you file your notice of appeal or petition for review?

U Lock filed its notice on August 23, 2022 (Entry 121).  I filed a cross-appeal on September 6, 2022 (Entry 148)

**2. Statement of the case:** Explain the proceedings in the bankruptcy court (i.e. what the district court or the agency did in deciding your case).

Appellant Shanni Snyder ("Snyder") filed an involuntary bankruptcy action against U Lock Inc. on April 25, 2022, but not docketed by Clerk until April 27, 2022 pursuant to Chapter 7 of the Bankruptcy Code.  See Entry 1.   An Order for Relief was issued on June 17, 2022.  Entry 42.  A trustee was appointed on the same date.  Entry 41.

On July 1, 2022, U Lock sought to convert the case from Chapter 7 to Chapter 11.  Entry 53.

The Notice of Hearing, Attachment 1 to Entry 53, stated that the parties are instructed to file a response to the motion by no later than July 19, 2022.  The Notice warned that if no response was received, "an order granting the relief requested in the Motion may be entered and the hearing may not be held."

On the last day to object, Contingent Creditor Christine Biros filed an opposition to the motion to convert. Entry 91.  The Trustee also filed a response opposing the relief.  Entry 92.  On August 4, 2022, U Lock disclosed the Exhibits it would be referencing at the hearing. Entry 102.

At the hearing held on August 9, 2022 (transcript at Entry 115), U Lock explained that they wanted to convert the case from Involuntary Chapter 7 to a case of reorganization of a small business entity under Subchapter V of Chapter 11, which keeps a trustee to help the business reorganize.  U Lock explained that its preliminary plan was to utilize voidable transaction statutes and avoidance actions to recover the property for the benefit of the creditors, obtain financing in the amount of $850,000, pay Christine Biros the amount she loaned them for the property, appoint an executive team, pay Snyder the entire amount owed to her, and then develop the property which would be free and clear.  Transcript at pages 12-14.

All creditors would have been paid.

The Judge expressed a concern that the property could not be recovered using voidable transaction statutes and avoidance actions because of the Rooker Feldman doctrine.  Transcript at 15.  The Judge asked about the Company's inability to earn revenue in the past, to which U Lock explained there would be an $850,000 infusion to develop the property.  Transcript page 15-16.  U Lock explained that the debt on the property was only $300,000 but the property was worth a couple million dollars.  Transcript at 17.  The Court expressed that the Chapter 7 trustee could equally seek to void the transfer if there was a viable claim, which U Lock replied that Chapter 11 would allow reorganization so the enterprise could become a viable business.   Transcript 17-18.

 Snyder was the only bona fide creditor as Christine Biros' claims are contingent environmental and specious rent claims as to the property owned the entire time by U Lock.  For this reason, her position was crucial for the Court to properly weigh whether the allow conversion.  After all, Biros obviously would oppose conversion as it entails bringing an avoidance claim against her and her losing the windfall where she was able to steal a multimillion dollar property from U Lock's creditors when she only loaned $300,000.

However, when Snyder tried to present argument and evidence, the Court refused and stated, "I don't think you filed anything with respect to the motion to convert.  Did you file a response to the motion to convert?  Snyder explained, "It was their motion."  The Court stated, "Right. So, if you didn't file a response, that doesn't give yhou a ticket to say anything in the court.  You got to preserve your right.  So, that's what the response is for."  Transcript 18.

The trustee  merely stated that he did not think conversion would accomplish anything and that he intended to "sell the right for any cause of action I might have," and that if the U Lock people wanted to "buy" the right to pursue the claims, "that's fine."  Transcript 19.  Christine Biros, who is probably not a creditor, but who has a vested interest in not having the property transaction avoided, of course argued her position that U Lock has no interest in the property.

The bankruptcy court held that conversion is not mandatory despite the motions usually being granted liberally.  The Court held the timing was late because the bankruptcy was filed in April and the motion not filed until July.  (But this was an involuntary case and no Order for Relief was entered until June 17, 2022, so the motion to convert was filed a mere two weeks after the Company was placed into bankruptcy). Transcript 21-22.   The bankruptcy court held that the reorganization was to develop the property not to run the storage business.  Transcript 23.  Then, despite not allowing Snyder to state her position, argue, or testify, the Court stated that she "seems to be acting as an extension of U Lock".  Transcript at 24.  Finally, despite the debtor acknowledging that the reorganization would focus on developing the property, the Court continued to state the storage business was not viable.  Transcript 25.

3.  **Statement of facts**: Explain the facts and events that led to the complaint in the bankruptcy court.

    See above.

**4.  Statement of related cases:**  Have you filed an appeal or petition for review in this case before?  If so, give title of case and docket number.

Pending appeals:  22-cv-1222 (automatic stay violations)  22-cv-1227 (dismissal of lien priority action)

   Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency?  If so give title of case and docket number.

1.  Bankruptcy case 22-20823 (Bank.W.Pa.)(main U Lock bankruptcy)
2.  Bankruptcy adversary subject of this appeal  22-2048 (Bank.W.Pa.)
3.  Bankruptcy adversary re lien priority 22-2052 (Bank.W. Pa.)
.

**5.**  Did the bankruptcy court or the agency incorrectly decide the facts of your case?what facts?     Yes    If so,

   a.  The bankruptcy court factually erred in finding the motion to convert was not timely.  The bankruptcy Order for Relief was not entered until June 17, 2022.  The motion to convert was filed July 1, 2022.  While the bankruptcy was pending as an involuntary petition, no bankruptcy existed to convert until June 17, 2022.  First you need an Order for Relief to convert something.  U Lock did not need to make a decision whether to contest the bankruptcy until June 14, 2022, when its answer was due.  Its failure to answer constituted an admission to insolvency, not a consent to proceed under Chapter 7 instead of Chapter 11.

   b.  The bankruptcy court erred that I needed to file a response to the motion to speak.  The Notice of Hearing stated that if no response is received the Court would grant the motion without a hearing.  Obviously, as Snyder consented to the relief in the motion, there would be no reason for her to file a response and create a hearing.

   c.  The bankruptcy court factually erred in finding the storage business was not viable for reorganization when the debtor clearly stated its reorganization would entail developing the property, implementing new management, and nothing about the storage business.

4

**6.** Did the bankruptcy court apply the wrong law (either cases or statutes)?   Yes. ____
If so, what law do you want applied?

   A. THE BANKRUPTCY COURT DENIED SNYDER DUE PROCESS AND ABUSED ITS DISCRETION BY NOT ALLOWING HER TO ARGUE, PRESENT EVIDENCE, OR PARTICIPATE AS TO THE MOTION TO CONVERT

   Snyder is pro se. The plain language of the Notice of Hearing stated that the consequence of not responding to the motion was that it would be granted and no hearing held. Obviously, since she consented to the relief, there existed no need for her to respond to the motion. If not opposing a motion prevents a party from arguing in favor of a motion, the Notice of Hearing should state, "If you fail to respond, you can neither support nor oppose the motion," not that the motion could be granted without a hearing if you do not respond.

   Granting the motion to convert and allowing U Lock to pursue its claims and accept funding to pay off the creditors in full would have resulted in payment to Snyder. Therefore, she had a property right in being heard, presenting evidence, and making argument. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Here, the bankruptcy court refused to to allow Snyder the opportunity to participate for not responding to a motion where the bankruptcy court approved form clearly implied no response was necessary if you wanted the motion to be granted.

   Even if this did not amount to a constitutional violation, it was certainly an abuse of discretion. The ambiguous notice on the motion misinformed the public as to their obligation. It did not warn you could not support the motion, or make argument, at a hearing. Rather, it stated no hearing would occur without a response. The denial of access to the court constitutes a heavy price to pay for a non-willful violation of the unwritten rule imposed by the bankruptcy court.


   B. The Bankruptcy Court erred in finding the motion to convert to be untimely.

   The Bankruptcy Court complained that the motion to convert was filed on July 1 2022 when the case was initiated in late April 2022. However, an Answer to the Involuntary Petition was not due until June 14 2022 and the bankruptcy was not granted until June 17 2022. Obviously, by filing the motion to convert within two weeks of the bankruptcy court granting the bankruptcy and issuing an Order for relief, U Lock clearly acted quickly to seek to convert the case. 11 USC 706(a) explains that a debtor may convert to a different chapter "at any time." Here, the debtor moved to convert within two weeks of the Order for Relief. Therefore, the bankruptcy court erred as a matter of law in stating the timeliness was not appropriate and abused its discretion in holding that a debtor must move to convert prior to an Order for Relief.

   C. The Bankruptcy Court Abused its Discretion by Denying Conversion

   Instead of allowing U Lock to void the property transfer and pay off all the creditors, including the price Christine Biros lent to U Lock to acquire the property, the bankruptcy court opted for chaos and confusion. The trustee clearly stated he would merely "sell" the right to bring the avoidance actions to the "U Lock people" if they wanted to pay for it. That makes no sense.
   U Lock presented a simple plan. File an avoidance action, pay off all the creditors, emerge from bankruptcy with new management.
   Courts generally grant a debtor a one-time absolute right to convert, even when the debtor has been recalcitrant or acted fraudulently. See In re Bowman, 181 B.R. 836 (Bankr D. Md. 1995). (Citing In re Finney, 992 F.2d at 45; In re Kleber, 81 B.R. 726,727 (Bankr. M.D.Ga. 1987) and In re Jennings, 31 B.R. 378, 380 (Bankr. S.D. Ohio 1983)). In at least one decision, a bankruptcy court implied that the bankruptcy court has no power to deny a motion to convert even under §105(a). See Stegall v. Adams, 1992 W.L. 698764 (N.D. Okla.) (holding that argument that §105(a) gives the bankruptcy court power to deny a motion to convert is without merit). Likewise, in In re Porras, 188 B.R. 375, 378 (Bankr. W.D. Tex. 1995), the bankruptcy court held that the Bankruptcy Code and Rules confer on a chapter 7 debtor the absolute right to convert his or her case to chapter 11 or 13 and that "any judge-made exception that operates to place a gloss on statutory language as implacable as that found in §706(a) poses a significant danger of judicial legislation."
   The Bankruptcy Court relied on a Supreme Court case Marrama v. Citizens Bank, 594 US 365 (2007) to state that conversion could be denied. In that case, however, the Court stated the debtor was not statutorily qualified to convert from Chapter 7 to 13, a situation that did not exist in this case. Further, the Supreme Court held the debtor forfeited its right by acting dishonest. The Supreme Court recognized that otherwise there would have been an absolute right. The language the Supreme Court used was, "The class of honest but unfortunate debtors who do possess an absolute right to convert their cases from Chapter 7 to Chapter 13 includes the vast majority of the hundreds of thousands of individuals who file Chapter 7 petitions each year." This case simply does not support the Court's turning the case into something where the bankruptcy court had discretion for things such as what it perceived as being untimely (contrary to the "any time" language), etc.

**7.** Are there any other reasons why the bankruptcy court's judgment or the agency's decision was wrong?
   If so, briefly state these reasons.

**8.** What action do you want this Court to take in this case?

   This Court must reverse the Order denying the motion to convert from Chapter 7 to Chapter 11 with instructions to grant the conversion. In the alternative, this Court must vacate the denial and instruct the bankruptcy court to hold a full and fair hearing.

/s/ Shanni Snyder
Signature

**The entire district court record is available for the court's review.  You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal.  You may, but are not required to, attach any documents filed in the district court that you think the court of appeals must see in order to decide your appeal.  Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.**

**IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING IN FORMA PAUPERIS, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK.  IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND SIX (6) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK.  A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES.  YOU MUST CERTIFY ON THE ATTACHED PROOF OF SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL OPPOSING PARTIES.**

# PROOF OF SERVICE

I certify that on __12/7/2022__ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Robert Slone, Esq. (trustee for U Lock) 223 S Maple Ave Greensburg, PA 15601- 3232 and via email

Christine Biros (will receive notice via email)

U Lock Inc.  c/o J. Allen Roth 805 S Alexandria Street, Latrobe PA  15650 and via email

/s/ Shanni Snyder

*Rev. 06/2018*